# IN THE COURT OF APPEALS OF IOWA

No. 21-1795
Filed August 3, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TINA MARIE PITTS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Patrice Eichman, District Associate Judge.

Tina Marie Pitts appeals her conviction for driving while barred. **AFFIRMED.**

Daniel M. Northfield, Urbandale, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**BOWER, Chief Judge.**

Tina Marie Pitts appeals her conviction for driving while barred, asserting improper notice. Because proof of mailing notice is not a required element for the offense, we affirm.

On June 17, 2021, Pitts was driving with a male passenger down a two-lane road in Waterloo. After an officer began following her vehicle, she pulled over and swapped seats with the passenger. When the new driver committed a traffic violation, the officer pulled them over. Pitts told the officer that she had been driving and believed her license was suspended. A check of her driver's license revealed that it was barred. Pitts was charged with driving while barred under Iowa Code section 321.561 (2021).

At trial, Pitts contended she had never received notice in the mail that her license had been barred. The State called an Iowa Department of Transportation (DOT) supervisor overseeing notice mailing. She testified concerning the DOT copy of the notice sent to Pitts's last known mailing address and the affidavit of mailing prepared by a DOT employee. At the close of evidence, Pitts made a motion for a directed verdict, which the district court denied. The jury found Pitts guilty of driving while barred. Pitts appeals.

We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018). "A jury verdict is binding upon this court and will be upheld unless the record lacks substantial evidence to support the charge." *State v. Blair*, 347 N.W.2d 416, 418 (Iowa 1984). We view the evidence in the light most favorable to the State. *Kelso-Christy*, 911 N.W.2d at 666.

Pitts argues there is insufficient evidence the DOT mailed notice her license was barred to sustain her conviction. But proof of mailing notice is not required under the law. *State v. Williams*, 910 N.W.2d 586, 594 (Iowa 2018). As our supreme court stated: "Mailing of notice is not an element of the crime [of driving while barred]. The crime consists of operating a vehicle during the period of time the defendant was barred from driving as a habitual offender." *Id.* at 593; *see* Iowa Code § 321.561.

Pitts herself told the officer she was driving and not authorized to drive. In the light most favorable to the State, the evidence presented to the jury was sufficient to sustain a finding of guilt. We affirm.

**AFFIRMED.**